IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF TENNESSEE

| LORI WILHOIT | ] | |
| --- | --- | --- |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | Civil Action No. 2:08-cv-00304 |
| | ] | |
| TIME INSURANCE COMPANY | ] | |
| | ] | |
| **Defendant.** | ] | |

**PLAINTIFF'S, LORI WILHOIT'S CONCISE STATEMENT
OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
WILHOIT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Lori Wilhoit ("Wilhoit"), submits the following Concise Statement of Undisputed Material Facts in support of her Motion for Summary Judgment.

1. Time provides health insurance coverage to Plaintiff, Lori K. Wilhoit ("Wilhoit" or "Plaintiff"), pursuant to a Medical Certificate No. 0058551847 (the "Certificate") that it issued to Wilhoit on or about November 1, 2005. (Compl. Par. 3; *see also* Declaration of Dr. Scott Brumblay, *Defendant's Exhibit 1* at Par. 5)

2. The Certificate contains the following relevant language:

\*\*\*

We will not pay benefits for any of the following:

…

● Cosmetic services including treatment primarily designed to change or improve appearance, self esteem or body image and/or relieve or prevent social, emotional or psychological distress,

● Not covered services, complications of an excluded or not covered service, or charges for which you are not liable.

1

(*Defendant's Ex. 1* at Par. 6)

3. On or about May 12, 2008, Time received a letter from Wilhoit's counsel requesting benefit consideration under the Certificate in connection with a proposed surgery to remove Wilhoit's ruptured breast implants. (*Defendant's Ex. 1* at Par. 7).

4. According to Wilhoit's counsel, these implants ruptured as a result of an automobile collision. (*Defendant's Ex. 1* at Par. 7).

5. Dr. Scott Brumblay reviewed Wilhoit's claim on behalf of Time to determine whether the proposed services are covered under the terms of the Certificate. (*Defendant's Ex. 1* at Par. 8)

6. Dr. Brumblay determined based on records received from Dr. Lisa Broyles, Dr. Charles Foley and Blue Ridge Primary Care that her breast implants were initially placed for a cosmetic reason as defined under the relevant definition contained in the Certificate. (*Defendant's Ex. 1* at Par. 8).

7 Additionally, Dr. Brumblay determined that the rupture of breast implants is a known complication that arises in any number of situations. (*Defendant's Ex. 1* at Par. 9).

8. As a result of these preliminary determinations, Dr. Brumblay further determined that Wilhoit's proposed surgery to remove her implants was excluded under the terms of the Certificate. (*Defendant's Ex. 1* at Par. 10)

9. Time adopted Dr. Brumblay's interpretation and subsequently informed Wilhoit that it would not pay benefits for the surgery proposed by her and her doctors. (*Defendant's Ex. 1* at Par. 11).

10. Brumblay's opinion is contradicted by Dr. Lisa J. Broyles (*Plaintiff's Ex. 1*) which states in pertinent part:

> I have read the Medical Certificate, No. 0058551847 pertaining to Lori Wilhoit. As a board-certified primary care physician, the language in the Medical Certificate would not lead me to believe that rupture of breast implants due to having been subjected to being hit by a refrigerator that had fallen off a passing vehicle would be considered a complication of having breast implants.

11. That Brumblay's interpretation is further contradicted by the affidavit of Lori Wilhoit (*Plaintiff's Ex. 2*, Par. 15 and 16) which states in pertinent part:

> 15. That after Time Insurance refused to pay for this procedure, I contacted Wes Marshall, my local insurance agent for Time Insurance, who stated that he did not understand why Time Insurance would not pay since no implants were being replaced and he indicated he would check into it and let me know, but I never heard back from him.
>
> 16. That I do not now and never have believed the term "complication" as used in Paragraph 10 above applies to my case.

12. That the intent of the parties was never meant to exclude injuries as a result of accidents unrelated to a cosmetic procedure of 27 years ago. (*Plaintiff's Ex. 2*, Par. 20).

    Respectfully submitted,

    Lori K. Wilhoit

By: s/Howell H. Sherrod, Jr.

    Howell H. Sherrod, Jr., BPR No. 842
    Attorney for Plaintiff
    SHERROD, GOLDSTEIN & LEE
    249 East Main Street
    Johnson City, Tennessee 37604
    (423) 928-8321

CERTIFICATE OF SERVICE

       I hereby certify that on December 23, 2009, a copy of the foregoing Plaintiff's, Lori Wilhoit's Concise Statement of Undisputed Material Facts in Support of Wilhoit's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

       s/Howell H. Sherrod, Jr.

       Howell H. Sherrod, Jr.
       TN BPR #842
       249 East Main Street
       Johnson City, TN 37604
       423-928-8321

4

Case 2:08-cv-00304-JRG-DHI   Document 22   Filed 12/23/09   Page 4 of 4   PageID #: 238