IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE

| | |
|---|---|
| **Lori K. Wilhoit,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2:08-cv-00304 |
| ) | |
| **Time Insurance Company,** ) | |
| ) | |
| **Defendant.** ) | |

_____

### DEFENDANT TIME INSURANCE COMPANY'S MOTION TO STRIKE

_____

Comes now the Defendant, Time Insurance Company ("Time"), and moves this Court for an Order striking from the record Doc. 26-1 and Paragraph 16 of Doc. 26-2[1] filed by Plaintiff. In support of this Motion, Time states:

1. Plaintiff filed Doc. 26-1 and Doc. 26-2 in support of her opposition to Time's Motion for Summary Judgment. To be considered in summary judgment proceedings, however, "[t]he evidence cited by the nonmovant must be admissible at trial." *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007); *see also Harris v. City of St. Clairsville Ohio*, 330 Fed. Appx. 68, 2008 WL 1781236, *70 (6th Cir. 2008)("[a]lthough a party must produce evidence in support of its opposition to a motion for summary judgment, not all types of evidence are permissible"); *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994)("it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment").

---

[1] Doc. 26-2 is incorrectly numbered and contains two paragraphs bearing the number 16. For the purposes of this Motion, "Paragraph 16" refers to the first of these two paragraphs, in which Plaintiff recounts alleged statements by Wes Marshall.

1

2. Neither Doc. 26-1 nor Paragraph 16 of Doc. 26-2 is admissible, and therefore, they cannot be considered for summary judgment purposes and should be stricken from the record.

3. Doc. 26-1 purports to be a letter from Dr. Lisa Broyles in which she provides her opinion as to the meaning of the exclusion in the Certificate at issue. It is not properly authenticated, however, and therefore is not admissible and cannot be considered for summary judgment purposes. Fed. R. Evid. 901(a); *see also Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 532 n. 5 (6th Cir.2002). To be authenticated, a document must be accompanied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." (*Id.*). Doc. 26-1 was accompanied by no such evidence, including Dr. Broyles' affidavit or any other testimony of a witness who has knowledge of its authenticity. Additionally, it is not a self-authenticating document as described in Fed. R. Evid. 902. As such, it should be stricken from the record.

4. Paragraph 16 of Doc. 26-2 recounts Plaintiff's recollection of her conversation with Wes Marshall and contains the following with regard to Marshall's statements:

> . . . who stated that he did not understand why Time Insurance would not pay since no implants were being replaced and he indicated he would check into it and let me know . . .

This statement is hearsay, as defined by Fed. R. Evid. 801(c), inasmuch as it is an unsworn statement by Mr. Marshall asserted by Plaintiff to prove the truth of the matter asserted, i.e., that there was no reasonable basis for Time to deny benefits to Plaintiff because her breast implants were not being replaced. Thus, pursuant to Fed. R. Evid. 802, the statement is not admissible and cannot be considered for summary judgment purposes. *See Alpert,* 481 F.3d at 409. As such, it should be stricken from the record.

WHEREFORE, for the above stated reasons, Defendant Time Insurance Company moves this Court for an Order striking Doc. 26-1 and Paragraph 16 of Doc. 26-2 from the record.

Respectfully Submitted,

        s/ S. Russell Headrick
        S. RUSSELL HEADRICK (TN5750)
        LESLIE L. BEALE (TN22015)
        BAKER, DONELSON, BEARMAN
        CALDWELL & BERKOWITZ, P.C.
        265 Brookview Centre Way, Suite 600
        Knoxville, TN  37919
        (865) 549-7204 (direct phone)
        (865) 633-7204 (direct fax)
        rheadrick@bakerdonelson.com
        lbeale@bakerdonelson.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been filed electronically on December 30, 2009. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

        s/ S. Russell Headrick
        S. Russell Headrick