UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LORI K. WILHOIT )
)
V. ) NO. 2:08-CV-304
)
TIME INSURANCE COMPANY )

**O R D E R**

The defendant has filed a motion for summary judgment, to which the plaintiff filed a response or opposition. The defendant subsequently filed a motion to strike portions of the plaintiff's opposition. (Doc. 28).

Defendant first asks that Document 26-1, a letter dated December 17, 2009, and addressed "To Whom This May Concern," purportedly signed by Dr. Lisa Broyles, should be stricken because it was not properly authenticated.

In her response to the motion to strike, plaintiff resubmitted Dr. Broyles' letter, this time accompanied by Dr. Broyles' affidavit in which she states that she wrote the letter dated December 17, 2009, and that she verifies its authenticity.

It is beyond argument that plaintiff should have properly authenticated Dr. Broyles' letter when it was filed in opposition to the defendant's motion for summary judgment. But, with that said, the court is loathe to seize upon a hyper-technical omission that has now been corrected.

The motion to strike Dr. Broyles' letter, Document 26-2, is DENIED.

Defendant also asks that paragraph 16 in Document 26-2 be stricken because it is inadmissible hearsay.

Document 26-2 is the affidavit of the plaintiff herself. Paragraph 16[1] reads as follows:

> That after Time Insurance refused to pay for this procedure, I contacted Wes Marshall, my local insurance agent for Time Insurance, who stated that he did not understand why Time Insurance would not pay since no implants were being replaced and he indicated he would check into it and let me know, but I never heard back from him.

Defendant insists that this statement is hearsay under F.R.E. 801(c), since it is an unsworn statement by the declarant, Mr. Marshall, which plaintiff submits for "the truth of the matter asserted" in opposition to the motion for summary judgment. Specifically, it obviously is offered as evidence that there was no reasonable basis for the defendant to deny benefits to the plaintiff.

In her response to the motion to strike, plaintiff argues that this statement is not hearsay, since it is "a statement by the party's agent or servant concerning a matter within the scope of the agent or employment, made during the existence of the relationship." Accordingly, the issue is whether the statement made by Mr. Marshall, the local agent for the defendant, was within the scope of his agency or employment.

As an aside, the court can only wonder why this much attention is being paid to paragraph 16, since its probative value and relevance is highly questionable. The "matter

---

[1] Her affidavit contains two paragraphs numbered 16. The offending paragraph is the first paragraph that bears that number.

2

asserted" by Mr. Marshall is that, since he does not understand why Time Insurance did not pay the claim, he is of the opinion that the procedure was covered by the policy and should be paid. This back-handed opinion regarding coverage will be of precious little probative value at the trial of the case, but even of less use to the district judge in ruling upon the defendant's motion for summary judgment. But, with that said, the issue before the court is whether or not Mr. Marshall's statement is inadmissible hearsay under F.R.E. 801(c), or non-hearsay under 801(b)(2)(D). It is the latter, and the motion to strike paragraph 16 is DENIED.

    SO ORDERED:

                                                s/ Dennis H. Inman
                                          United States Magistrate Judge